## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | |
|---|---|
| **BP p.l.c.**, a United Kingdom limited liability company located and doing business at 1 St. James's Square London SW1Y 4PD, United Kingdom, <br><br> and <br><br> **BP AMERICA, INC.,** a Maryland corporation with its principal place of business at 501 Westlake Park Blvd., Houston, Texas 77079, <br><br> Plaintiffs, <br><br> v. <br><br> **DOUGLAS ARRISON**, an individual, located and doing business at 3418 Cummings Lane, Chevy Chase, Montgomery County, MD 20815, doing business as **DASOLAR.COM**, <br><br> Defendant. | **Civil Action No.** |

## COMPLAINT FOR VIOLATION OF:  (I)  SECTION 32 OF THE LANHAM ACT; (II) SECTION 43(a) OF THE LANHAM ACT; (III) SECTION 43(c) OF THE LANHAM ACT; AND (IV) MARYLAND COMMON LAW

Plaintiffs, BP p.l.c. and BP America, Inc., alleges as follows:

### PARTIES

1.     Plaintiff, BP p.l.c., is a United Kingdom limited liability company located and doing

business at 1 St. James's Square London SW1Y 4PD, United Kingdom.

2.     Plaintiff, BP America, Inc. ("BP America") is a Maryland corporation with its principal

place of business at 501 Westlake Park Blvd., Houston, Texas 77079.

3.      BP America is a wholly-owned subsidiary of BP p.l.c. (BP p.l.c. and BP America, Inc. are referred to collectively herein as "BP").

4.      Defendant Douglas Arrison is an individual residing in this judicial district, in Montgomery County, at 3418 Cummings Lane, Chevy Chase, MD 20815, and doing business on the Internet at <dasolar.com>.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction because this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1141 (the "Lanham Act"), and jurisdiction is proper in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) and (b).  Jurisdiction for the Maryland common-law claims is proper in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this Court (a) under 28 U.S.C. § 1391(a) because, on information and belief, Defendant reside in this judicial district or (b) under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS

7.      BP markets, distributes, and sells a wide variety of goods and services in the fields of energy, alternative energy, and fuels, including:

(a)      solar panels, photovoltaic systems, and related solar energy goods and services, to homeowners and businesses through its wholly-owned subsidiary BP Solar International LLC ("BP Solar"); and

      (b)      gasoline, diesel fuel, other petroleum products, and related goods and services,

through automotive service stations and convenience stores,

in Maryland and throughout the United States, as well as through its websites at <bp.com> and

<bpsolar.com> (collectively, the "BP Goods and Services").

BP's Famous Helios Design Mark

      8.      Since long before the acts of Defendant complained of herein, BP America, through an

exclusive license from BP p.l.c., has used a distinctive and unique geometric design that represents

energy in its many forms (the "Helios Design Mark") in connection with the BP Goods and Services,

including through its wholly-owned subsidiary BP Solar, in the United States.

      9.      BP p.l.c. owns, among others, Registration Nos. 3,064,668 and 3,064,674 for the Helios

Design Mark, as shown below, for BP Goods and Services in the United States Patent and Trademark

Office:

| Mark | Registration No. | Registration Date |
|:---:|:---:|:---:|
|  | 3,064,668 | March 7, 2006 |

| Mark | Registration No. | Registration Date |
|------|------------------|-------------------|
|  | 3,064,674 | March 7, 2006 |

10.     These registrations are valid and subsisting, and constitute prima facie evidence of BP's exclusive right to use the Helios Design Mark for the goods and services specified in the registrations, pursuant to 15 U.S.C. § 1057(b).

11.     Since long before Defendant's acts complained of herein, BP has sold billions of dollars worth of BP Goods and Services in connection with the Helios Design Mark throughout the United States.

12.     Since long before Defendant's acts complained of herein, BP has spent many hundreds of millions of dollars in advertising and promoting the BP Goods and Services in connection with the Helios Design Mark throughout the United States.

13.     Since long before Defendant's acts complained of herein, by virtue of BP's aforesaid sales, advertising and promotion, the Helios Design Mark had acquired secondary meaning and become extremely famous among the general consuming public of the United States in connection with the BP Goods and Services.

14.     Since long before Defendant's acts complained of herein, BP built up and BP p.l.c. now owns a most valuable goodwill in its aforesaid Helios Design Mark.

Defendant's Selection, Adoption, and Use of the Infringing Sun Design

15.     On information and belief, Defendant markets solar and other alternative energy products and services, including solar panel installation referral services, in Maryland and throughout the United States, including on the Internet at <dasolar.com> ("Defendant's Services").

16.     Defendant uses a logo, alone and in combination with his trade name and domain name "dasolar.com," that is very similar to the Helios Design Mark (hereinafter, the "Infringing Sun Design") in at least two different formats shown below in connection with Defendant's Services offered through the website located at <dasolar.com>:

   

17.     On information and belief, on or about May 1, 2009, and long subsequent to BP's adoption and use of the Helios Design Mark, Defendant selected the Infringing Sun Design for use with Defendant's Services from 221 proposed logo designs in a contest hosted on the website at <99designs.com>.

18.     Defendant selected the following winning design, shown in various color options:






19.     On May 2, 2009, a user of the <99designs.com> website named "DJK" commented that the Infringing Sun Design "is identical to BP Solar's (and in the last several years BP's corporate logo)."

BP's Prior Objections to Defendant

20.     On August 19, 2011, in an attempt to resolve this dispute without litigation, BP sent Defendant a letter explaining BP p.l.c.'s rights in the Helios Design Mark, stating its belief that the use of the Infringing Sun Design was likely to cause confusion with and dilute the Helios Design Mark, and requesting that Defendant stop using the Infringing Sun Design.

21.     Defendant did not stop using the Infringing Sun Design.

22.     Thereafter, BP sent Defendant another letter, but Defendant would not stop his use of the Infringing Sun Design.

23.     Finally, BP's outside counsel sent a letter to Defendant on September 23, 2011, but Defendant still refused to stop using the Infringing Sun Design.

<u>Defendant' Intentional Infringement</u>

24.     Defendant's aforesaid use of the Infringing Sun Design has been without BP's authorization or consent.

25.     On information and belief, Defendant's adoption of the Infringing Sun Design has been with full knowledge of BP's prior rights in the Helios Design Mark and his continued use of the Infringing Sun Design has been in willful and intentional disregard for BP's rights in the mark.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**<u>IN VIOLATION OF SECTION 32 OF THE LANHAM ACT</u>**

26.     BP p.l.c. re-allege paragraphs 1 through 25, as if fully set forth herein.

27.     Defendant's aforesaid use of the Infringing Sun Design is likely to cause confusion, mistake or deception with BP or the BP Goods and Services sold under the Helios Design Mark, or to result in the mistaken belief by purchasers and others that Defendant or his goods or services are connected with, sponsored by or approved by BP.

28.     Defendant's aforesaid use of the Infringing Sun Design constitutes infringement of the registered Helios Design Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29.     Defendant's aforesaid acts are greatly and irreparably damaging to BP p.l.c. and will continue to damage BP p.l.c. until enjoined by this Court; wherefore, BP p.l.c. is without an adequate remedy at law.

**COUNT II**
**UNFAIR COMPETITION**
**IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT**

30.     BP re-allege paragraphs 1 through 25 and 27, as if fully set forth herein.

31.     Defendant's aforesaid use of the Infringing Sun Design tends falsely to represent Defendant and his goods and services as being affiliated, connected or associated with, or sponsored or approved by BP in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.     Defendant's aforesaid acts are greatly and irreparably damaging to BP and will continue to damage BP until enjoined by this Court; wherefore, BP is without an adequate remedy at law.

**COUNT III**
**DILUTION IN VIOLATION OF SECTION 43(c) OF THE LANHAM ACT**

33.     BP p.l.c. re-alleges paragraphs 1 through 25, as if fully set forth herein.

34.     Defendant's use of the Infringing Sun Design is likely to dilute the distinctiveness of the famous Helios Design Mark.

35.     On information and belief, Defendant's acts of dilution are intentional and willful.

36.     Defendant's acts constitute dilution of BP's famous Helios Design Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

37.     Defendant's aforesaid acts are greatly and irreparably damaging to BP p.l.c. and will continue to damage BP p.l.c. until enjoined by this Court; wherefore, BP p.l.c. is without an adequate remedy at law.

**COUNT IV**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**IN VIOLATION OF THE COMMON LAW OF MARYLAND**

38.     BP re-allege paragraphs 1 through 25, and 27, as if fully set forth herein.

39.     Defendant's acts constitute unfair competition in violation of the common law of Maryland.

40.     Defendant's aforesaid acts are greatly and irreparably damaging to BP and will continue to damage BP until enjoined by this Court; wherefore, BP is without an adequate remedy at law.

**RELIEF SOUGHT**

WHEREFORE, BP prays that:

1.     Defendant, and his agents, servants, employees, attorneys, and all others in active concert and participation with any of them, individually and collectively, be preliminarily and permanently enjoined from:

(a)     using the Infringing Sun Design or any other logo, design, or mark, that simulates the Helios Design Mark, or is otherwise likely to cause confusion with the Helios Design Mark;

(b)     using the Infringing Sun Design or any other logo, design, or mark, that simulates the Helios Design Mark, or is otherwise likely to dilute the distinctiveness of the Helios Design Mark;

(c)     using any other mark or trade dress owned by BP, or any other colorable imitation of such marks, or any other mark in a manner that is likely to confuse, mislead or deceive others

into believing that Defendant or his products emanate from, or are connected with, sponsored by or approved by BP;

(d)      doing any other act or thing likely to confuse, mislead or deceive others into believing that Defendant or his products emanate from, or are connected with, sponsored by or approved by BP; and

(e)      assisting, aiding, or abetting any other person or entity in engaging in any of the activities prohibited in paragraphs (a) through (d).

2.      Defendant, and all others holding by, through or under Defendant, be required, jointly and severally, to:

(a)      account for and pay over to BP all profits derived by Defendant, together with prejudgment interest, from the acts complained of herein in accordance with 15 U.S.C. § 1117(a) and Maryland common law, and BP asks that this profits award be trebled in accordance with 15 U.S.C. § 1117(a);

(b)      pay to BP the amount of actual damages suffered by BP, together with prejudgment interest, as a result of Defendant's acts complained of herein in accordance with 15 U.S.C. § 1117(a) and Maryland common law, and BP asks that this damages award be trebled in accordance with 15 U.S.C. § 1117(a);

(c)      pay to BP the costs of this action, together with reasonable attorneys' fees, in accordance with 15 U.S.C. § 1117(a);

(d)      pay restitution to BP, in accordance with Maryland common law, for all loss, damage, and injury caused by Defendant's acts;

(e)      deliver up for destruction all labels, signs, advertisements and the means of making the same in Defendant's possession which bear the Infringing Sun Design, or any logo, design, or mark that simulates the Helios Design Mark and/or any other mark owned by BP, in accordance with 15 U.S.C. § 1118; and

(f)      file with this Court and serve on BP a report in writing under oath setting forth in detail the manner and form in which they have complied with the terms of any injunction entered by this Court, in accordance with 15 U.S.C. § 1116(a).

3.      BP be granted such other and further relief as the Court deems just.

Dated:  October 28, 2011,

Respectfully submitted,

SHAWE & ROSENTHAL, LLP


_____/S/_____
Kraig B. Long, Bar No. 467858
20 South Charles St., 11th Floor
Baltimore, Maryland 21201
Telephone: (410) 752-1040
Facsimile:  (410) 752-8861

and

PATTISHALL, McAULIFFE, NEWBURY,
  HILLIARD & GERALDSON LLP

Jonathan S. Jennings (6204474)
Phillip Barengolts (6274516)
311 South Wacker Drive
Suite 5000
Chicago, Illinois  60606
(312) 554-8000

**ATTORNEYS FOR PLAINTIFFS,
BP p.l.c. and BP AMERICA, INC**.